For plaintiff: Harold R. Semple.
For defendant: Fergus J. McOsker.

Catherine E. Solomon
(Otis)
vs.                          Eq. No. 10213.
Joseph E. Solomon, et al.

January 27, 1932.

SUMNER, J. The complainant, Catherine E. Solomon, brings this suit against Joseph E. Solomon, her brother, and the Rhode Island Hospital Trust Company as mortgagee.

The complainant alleges that she is the daughter of Elias Solomon, deceased, and the sister of the respond-

ent; that she and her brother are the only heirs-at-law of said Elias; that said Elias on August 8, 1921, gave a power of attorney to the respondent Joseph E. Solomon, authorizing him to sell his (Elias') real estate and directing him to pay over the net proceeds to him (Elias); that a few days later Elias returned to Syria; that acting under said power of attorney, on November 28, a little over three months later, Joseph E. Solomon conveyed his father's real estate to himself and that Elias Solomon, dying in 1929, never knew of this conveyance; that Joseph E. Solomon paid no consideration to his father for this real estate and that he intended to acquire the property for himself.

The complainant offered in evidence a letter from her father, dated August 4, 1921, in which he informs her that when her brother sells the property, he will give her $500, keep $500 for himself, and send the balance to him (Elias). She spoke of receiving from her father another letter, since lost, in which he asked what her brother had done with the property.

The respondent claims that as attorney he transferred the property to himself under an agreement made with the father by which the son was to take the real estate in payment of various liabilities which the son had incurred on the father's account.

The respondent could produce nothing in writing from his father indicative of any such agreement, and offered no clear accounting of the transactions between him and his father. No administration has ever been taken out on the estate of the father. Respondent claimed to have received letters from his father relating to the alleged agreement but said they had been lost or destroyed.

The Court was not impressed with the testimony of the respondent. The rule seems to be well established that a conveyance made to himself by one acting under a power of attorney must be explained and that in the absence of a satisfactory explanation, the heirs of the principal have a right to set the transaction aside.

The respondent did not meet the burden of proof imposed upon him.

The complainant has established her case and the deed from Joseph E. Solomon, as attorney for Elias Solomon, to himself, should be set aside and the title to the real estate declared to be in the heirs of Elias Solomon.

It was agreed by both parties that the mortgage given to the respondent Rhode Island Hospital Trust Company was valid.

For complainant: Sayles Gorham.

For respondents: William W. Blodgett.